In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00062-CV
______________________________


BOBBY J. TOMPKINS, Appellant
 
V.
 
TOMMY H. MOSELEY, ET AL., Appellees


                                              

On Appeal from the County Court at Law
 Harrison County, Texas
Trial Court No. 2003-6073-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Bobby J. Tompkins has appealed the trial court's judgment, which ordered Tompkins to take
nothing in his personal injury claim against Tommy H. Moseley, et al.
            The record in this case was complete June 10, 2005. At that time, we informed Tompkins
that his brief in this case was due on or before July 11, 2005. On July 7, 2005, we granted Tompkins
an additional thirty days in which to submit his brief. Tompkins, however, did not submit a brief
by August 11, 2005. Thus, on August 23, 2005, we informed Tompkins that his brief in this case
should be submitted by September 7, 2005, or we would consider dismissing the appeal for want of
prosecution.
            Almost one month has passed since our warning letter to Tompkins. Tompkins has not
submitted his brief, requested additional time, or made any further contact with this Court explaining
why this case should not be dismissed for want of prosecution. Accordingly, pursuant to Tex. R.
App. P. 42.3(b), we dismiss Tompkins' suit for want of prosecution.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
Date Submitted:          September 26, 2005
Date Decided:             September 27, 2005



S]: No, sir.


 After having read the entire record of the sentencing hearing in this case, we find no
affirmative demonstration of ineffective assistance of counsel. (3) We find no error regarding
Weathers's issue on ineffective assistance of counsel at trial. 

 Weathers's second complaint on appeal is that the trial court erred in failing to have her
examined for competence regarding the voluntariness of the pleas she entered in these cases. In our
review of the record, we find that Weathers answered the questions asked of her by the trial court
in a reasonable and knowledgeable manner. There is no indication in the record that Weathers was
incompetent to enter her pleas. Defense counsel stated that he had known Weathers for "a long time"
(Weathers stated in her response that he had represented her since 1999) and that it was counsel's
opinion she was competent to stand trial. We find no indication of incompetence on the part of
Weathers. A person is presumed to be competent to stand trial unless proven incompetent. Tex.
Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006). We find no error regarding this complaint. 

 Weathers further contends on appeal that she received ineffective assistance of counsel on
appeal. In this case, Weathers's counsel filed an Anders (4) brief in which he discusses the record and
reviews the proceedings and in which he states he concludes that there are no arguable points of error
to support the appeal. After our independent review of the record, we agree with appellate counsel
that there are no arguable points of error in this case. (5) Ineffective assistance of counsel on appeal
has not been shown.

 We affirm the judgment of the trial court.


 Bailey C. Moseley

 Justice

 

 


Date Submitted: August 2, 2007

Date Decided: August 16, 2007


Do Not Publish

 
1. Weathers has three appeals still pending in this Court under cause numbers 06-06-00136-CR, 06-06-00137-CR, and 06-06-00138-CR. In some documents filed in these cases, Weathers is
referred to as "Karla Louise Vasquez," "Karla Vasquez," or "Vasquez Weathers."
2. This is an appeal from a revocation of community supervision; thus, the agreement reached
in this case does not fall under the plea bargain agreement contemplated by Rule 25.2(a)(2) of the
Texas Rules of Appellate Procedure. Tex. R. App. P. 25.2(a)(2).
3. Appellate courts can rarely decide the issue of ineffective assistance of counsel because the
record almost never speaks to the strategic reasons that trial counsel may have considered. The
proper procedure for raising this claim is therefore almost always habeas corpus. Aldrich v. State,
104 S.W.3d 890, 896 (Tex. Crim. App. 2003).
4. See Anders, 386 U.S. 738.
5. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Weathers in this case. No
substitute counsel will be appointed. Should Weathers wish to seek further review of this case by
the Texas Court of Criminal Appeals, Weathers must either retain an attorney to file a petition for
discretionary review or Weathers must file a pro se petition for discretionary review. Any petition
for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any
petition for discretionary review must be filed with this Court, after which it will be forwarded to
the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App.
P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.